UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 13-80721-CIV-MIDDLEBROOKS

MATTHEW RICHARD RUPP,

    Plaintiff,

v.

DEPARTMENT OF HOMELAND
SECURITY, *et al.*,

    Defendants.
_____/

## ORDER DENYING MOTION TO PROCEED *IN FORMA PAUPERIS*

THIS CAUSE comes before the Court upon the *pro se* Plaintiff's Motion to Proceed *In Forma Pauperis* (DE 3) ("Motion"), filed July 26, 2013. The Court has reviewed the record and is fully advised in the premises.

Determinations concerning applications to proceed *in forma pauperis* ("IFP") are governed by 28 U.S.C. § 1915. *See Brown v. Pena*, 441 F. Supp. 1382, 1384 (S.D. Fla. 1977), *aff'd*, 589 F.2d 1113 (5th Cir. 1979). When considering an IFP motion filed pursuant to § 1915, the court must determine whether the litigant satisfies the requirement of indigency and is unable to pay the required costs to commence the action. *See Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004). "An affidavit addressing the statutory language should be accepted by the court, absent a serious misrepresentation, and need not show that the litigant is 'absolutely destitute' to qualify for indigent status under § 1915." *Id.* If the court, however, determines that the allegations of poverty are untrue, or if the action is frivolous or fails to state a claim on which relief may be granted, the court must dismiss the case. 28 U.S.C. §§ 1915(e)(2)(A) & 1915(e)(2)(B)(i)-(ii) (2010); *see also Martinez*, 364 F.3d at 1308; *Attwood*, 105 F.3d at 613 (11th Cir. 1997).

A complaint is considered frivolous if it lacks an "arguable basis in law or in fact." *Neitzke*

*v. Williams*, 490 U.S. 319, 325, (1989). "Arguable" means "capable of being convincingly argued" and where the "realistic chances of ultimate success are slight." *Sun v. Forrester*, 939 F. 2d 924, 925 (11th Cir. 1991). A district court's authority to dismiss a complaint as frivolous under Section 1915(e) is broader than its authority under Rule 12 of the Federal Rules of Civil Procedure. *See id.* at 925 (citing *Harris v. Menendez*, 817 F. 2d 737, 739-40 (11th Cir. 1987)). While a court must construe *pro se* pleadings liberally and hold them to a less stringent standard than pleadings drafted by attorneys, *see Hughes v. Lott*, 350 F. 3d 1157, 1160 (11th Cir. 2003) (quoting *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998), the court is not required to rewrite a *pro se* plaintiff's deficient pleading. *GJR Invs., Inc. v. Cnty. of Escambia, Fla.*, 132 F. 3d 1359, 1369 (11th Cir. 1998). Furthermore, to state a claim on which relief may be granted, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* It is with these standards in mind that I look to the instant Motion.

Liberally construing his Complaint, Plaintiff appears to allege that Defendants Department of Homeland Security, Central Intelligence Agency, United States Military, and the United States Government conspired to commit murder and stole Plaintiff's personal property. Without stating the time in which these actions occurred, Plaintiff claims that the Executive Branch's use of contractors for security purposes violated his civil rights and that the United States Government actions caused him bodily injury. None of the criminal statutes Plaintiff cites, 18 U.S.C. § 241 and 18 U.S.C. § 242, provide a basis for Plaintiff to bring a civil action, and 42 U.S.C. § 14141 allows the United States Attorney General specifically to bring a civil action for civil rights violations committed by law enforcement officers. In addition, Plaintiff cites to 28 U.S.C. § 1391, which governs the venue of civil actions brought in district courts, and does not a right of action.

Plaintiff's Complaint might be construed to allege a civil rights claim pursuant to 42 U.S.C. § 1983. Plaintiff alleges that the United States Government's actions resulted in personal injury and

that he has been suffering from that injury for the past few years. However, Plaintiff does not state when and where these actions occurred and by whom. Plaintiff's pleadings as stated are too sparse and insufficient to proceed. Therefore, I find that Plaintiff fails to state a claim upon which relief may be given. Accordingly, it is hereby

**ORDERED AND ADJUDGED** that

1. Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* (DE 3) is **DENIED**;
2. Pursuant to 28 U.S.C. § 1915(e), this case is **DISMISSED WITHOUT PREJUDICE.** Plaintiff is free to refile this action, however, Plaintiff must first pay the filing fee;
3. All pending motions are **DENIED AS MOOT**; and
3. The Clerk of Court shall **CLOSE THIS CASE**.

**DONE AND ORDERED** in Chambers at West Palm Beach, Florida, this 25 day of September, 2013.

DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE

Copies to: Counsel of record
Matthew Richard Rupp, *pro se*
10390 Camelback Lane
Boca Raton, FL 33498

3